# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ABRAHAM ISA,

    Petitioner,

Case No. 3:11-cv-461

-vs-

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
 Chillicothe Correctional Institution,

    Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought by Petitioner Abraham Isa to obtain relief from his conviction in the Champaign County Common Pleas Court and sentence to 24.5 years incarceration which he is serving in Respondent's custody. As with all habeas corpus cases at Dayton, it has been referred to a United States Magistrate Judge and is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 provides in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The Petition shows Mr. Isa was indicted on seventeen counts of rape or gross sexual imposition and convicted by a jury in November 2007, on fifteen counts, one count of rape and one count of gross sexual imposition having been dismissed by the prosecutor during trial (Petition, Doc. No. 2, PageID 19, ¶ 5.) On direct appeal he raised the following assignments of error:

**Assignment of Error No. 1**

The trial court erred in not granting Defendant's motion for mistrial.

**Assignment of Error No. 2**

Trial counsel was ineffective in failing to object to inadmissable and irrelevant evidence. Trial counsel was further ineffective by allowing leading questions and allowing the statement of a past criminal act to be heard by the jury.

(Petition, Doc. No. 2, PageID 19-20.) After the court of appeals affirmed the conviction and sentence, Mr. Isa appealed *pro se* to the Ohio Supreme Court on the following propositions of law:

**Proposition of Law No. 1:**

It is mandatorily mandated that a sentencing court when imposing sentence on a criminal defendant, for a felony sex offense, advise him of the mandatory five year period of post release control and incorporate that notice in the journal entry pursuant to RC 2956.28. (sic)

**Proposition of Law No. 2:**

It is statutorily mandated that a sentencing court, when imposing post release control on a criminal defendant inform his [sic] of the consequences for violating the sanctions for post release control and incorporate that into its journal entry. (sic)

**Proposition of Law No.3:**

It is mandatory that a sentencing court dispose of each and every charge prosecuted against an accused, i.e., imposing a sentence on a charge where a defendant was convicted by a jury, and incorporating that sentence into its journal entry pursuant to Crim. R. 32 (C). (sic)

**Proposition of Law No. 4:**

In Ohio, Courts speak through its journal entry, and not mere pronouncement.

(Petition, Doc. No. 2, PageID 20.) The Ohio Supreme Court declined to accept the case for review

on December 29, 2010. The instant Petition was then filed on December 29, 2011, pleading the following Grounds for Relief:

> **Ground One:** Ineffective assistance of counsel occurs in violation of the Sixth and Fourteenth Amendments to the United States Constitution when trial counsel fails to employ the rules of evidence, to wit, by not objecting to repeated hearsay throughout the trial.
>
> **Ground Two:** Counsel's failure to apply the rules of evidence to the proceedings gave rise to structural error that transcends a Strickland analysis and the trial court was prohibited from entering a judgment of conviction.
>
> **Ground Three:** Petitioner Isa was denied effective assistance of appellant [sic] counsel as guarenteed [sic] by the Fifth, Sixth and Fourteen [sic] Amendments to the Constitution when counsel on direct appeal failed to cite to the transcript trial counsels [sic] errors and failed to recognize structural error.

*Id.* at PageID 26-28.

## Analysis

All three of Petitioner's Grounds for Relief were procedurally defaulted in the Ohio courts and he is thus barred from obtaining relief in this Court.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will

> result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

As can be seen by a facial examination of the Petition, Mr. Isa did not raise either of his first two grounds for relief on appeal to the Ohio Supreme Court and he thereby abandoned them for purposes of further review in habeas corpus. As to his Third Ground for Relief, he could have filed an application under Ohio R. App. P. 26(B) to reopen his direct appeal to raise issues of ineffective assistance of appellate counsel, but the deadline for doing so is ninety days after the judgment became final, time which has long since passed.

It is therefore respectfully recommended that the Petition be dismissed with prejudice.

Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied any requested certificate of appealability and this Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and should therefore not be permitted to proceed *in forma pauperis*.

January 3, 2012.

s/ **Michael R. Merz**<br>United States Magistrate Judge

J:\Documents\Isa Habeas R&R.wpd